# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:** | **CHAPTER 13 CASE NO.:** |
| **KATTIE M. PRESTON** | **22-10794-JDW** |

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN (DKT. #5)

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, after reviewing the voluntary petition (the "Petition"), Schedules, Statement of Financial Affairs, and conducting the Section 341(a) Meeting of Creditors, and files this Objection to Confirmation of Chapter 13 Plan (the "Objection"), and in support thereof states as follows:

1. The Debtor commenced this proceeding by filing a voluntary petition on April 11, 2022 (the "Petition Date"). The Debtor filed a proposed Chapter 13 Plan (Dkt. #5) (the "Plan") on the Petition Date.

2. The Debtor is below median income, and the proposed term of the Plan is sixty (60) months. The Plan does not provide for a distribution to nonpriority unsecured creditors. The liquidation value in Section 5.1 of the Plan is zero ($0).

3. The Debtor has failed to commence plan payments as required by 11 U.S.C. § 1326(a)(1).

4. The Plan fails to comply with 11 U.S.C. § 1325(a)(1). Section 3.1(a) of the Plan provides that the ongoing mortgage payments shall be paid beginning in July 2022 to New Rez LLC d/b/a Shellpoint ("Shellpoint"). However, the Plan will not be sufficiently funded to allow for the disbursement to Shellpoint and all other creditors at confirmation due to the failure to timely commence plan payments and the resulting delinquency in the amount of $1,076.00 as of May 2022.

5. The Plan fails to comply with 11 U.S.C. § 1325(a)(6) because it is not feasible. The Debtor has failed to fully fund the Plan and is $1,076.00 delinquent in plan payments through May 2022. Plan payments continue to accrue at the rate of $1,076.00 monthly thereafter. The failure by the Debtor to fund the Plan demonstrates that the Plan is not feasible and, therefore, cannot be confirmed.

6. The Debtor should timely remit all plan payments due under the Plan prior to the hearing, or the case should be dismissed for failure to comply with the proposed Plan.

7. For the reasons set forth herein, the Trustee submits that confirmation of the Plan should be denied, and the case should be dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that upon notice and hearing that this Court enter its order sustaining the Objection. The Trustee prays for other such general and specific relief to which the Trustee and this bankruptcy estate may be entitled.

Dated: June 2, 2022.

Respectfully submitted,

**LOCKE D. BARKLEY**
**CHAPTER 13 TRUSTEE**

BY:    /s/ Melanie T. Vardaman
ATTORNEYS FOR TRUSTEE
W. Jeffrey Collier (MSB 10645)
Melanie T. Vardaman (MSB 100392)
6360 I-55 North, Suite 140
Jackson, MS 39211
(601) 355-6661
mvardaman@barkley13.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that I either mailed by United States Postal Service, first-class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

Dated: June 2, 2022.

/s/ Melanie T. Vardaman
MELANIE T. VARDAMAN